# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

WILLIAM BOBBY BROWN, :
*et al.*, :
:
    Plaintiffs, :
: CIVIL ACTION NO.
  v. : 2:12-CV-120-RWS
:
SUNTRUST MORTGAGE, INC., :
*et al.*, :
:
    Defendants. :

## **ORDER**

This case comes before the Court on Plaintiffs' Emergency Motion for Preliminary Injunction [13]. After a review of the record, the Court enters the following order.

The Plaintiffs have filed a motion for preliminary injunction, seeking to enjoin Defendant SunTrust Mortgage, Inc. ("SunTrust") from foreclosing on their property. Essentially, Plaintiffs argue that the subject property's subdivision "was approved using falsified engineering and sub-standard lots in order to maximize profits to developers at the expense of the unsuspecting buyers, lenders[,] and investors in the subdivision, to the detriment of Lake Lanier (Waters of the United States), to the tax payers [sic] of the county,

state[,] and nation." Dkt. No. [13] at ¶ 4. Plaintiffs allege that because they are contractually required to alert SunTrust to any environmental hazard on their property, SunTrust should not be able to foreclose as the foreclosure would deny the Plaintiffs standing to assert their environmental challenges against various third-parties. Id. at ¶ 18. They also assert that SunTrust should not be allowed to foreclose on their property and then sell it to unsuspecting buyers. Id.

Before a court will grant a motion for a preliminary injunction, the moving party must establish that: (1) "it has substantial likelihood of success on the merits," (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the non-moving party, and (4) entry of relief "would not be adverse to the public interest." KH Outdoor, LLC v. City of Trussville, 458 F.3d 1261, 1268 (11th Cir. 2006). "Of these four requisites, the first factor, establishing a substantial likelihood of success on the merits, is most important . . . ." ABC Charters, Inc. v. Bronson, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008).

The Court recognizes that Plaintiffs are appearing *pro se*. Thus, their complaint is more leniently construed and "held to less stringent standards than

2

formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). However, nothing in that lenience excuses a plaintiff from compliance with the stringent requirements to obtain preliminary injunctive relief.

The Court finds that Plaintiffs have not established a likelihood of success on the merits. They do not allege that they are current on their loan payments, nor do they allege that SunTrust does not have the authority to foreclose. See Dkt. Nos. [1, 4]. Moreover, it is only speculative that SunTrust would not disclose a known environmental hazard on the property. Thus, Plaintiffs' cannot prove a substantial likelihood of success on the merits, and their Motion [13] is **DENIED**.

**SO ORDERED**, this  17th  day of July, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)