WILLIAM BOBBY BROWN,                    :
RONALD MAYHEW, and                      :
CONNIE MAYHEW,                          :
                                        :
        Plaintiffs,                     :
                                        :
        v.                              :        CIVIL ACTION NO.
                                        :        2:12-CV-00120-RWS
SUNTRUST MORTGAGE, INC.;                :
IVEY SHAW, LLC; FORSYTH                 :
COUNTY BOARD OF                         :
COMMISSIONERS; and                      :
FORSYTH COUNTY                          :
ENVIRONMENTAL HEALTH                    :
DEPARTMENT,                             :
                                        :
        Defendants.                     :

## ORDER

This case comes before the Court on the following motions: (i) Plaintiffs'

Motion to Issue Subpoena [14], (ii) Defendant SunTrust Mortgage, Inc.'s

Motion to Dismiss [17], (iii) Defendant Forsyth County Board of

Commissioners' Motion to Dismiss [18], (iv) Forsyth County Environmental

Health Department's Motion to Dismiss [31], and (v) Plaintiff's Motion for

Default Judgment against Defendant Ivey Shaw [38].  After reviewing the

record, the Court enters the following Order.

**Background**

This case arises out of the purchase and foreclosure of Plaintiff William

Bobby Brown's ("Brown") property ("Property"), situated on Lot 12 of

Ivyshaw Landing Subdivision ("Subdivision") and located at 9140 Ivyshaw

Landing, Gainesville, Georgia.  Accepting the allegations in the Complaint and

the Amended Complaint (together the "Complaints") as true, as the Court must

on a motion to dismiss,[1] the facts are as follows.[2]

Plaintiff Brown acquired the Property from his daughter, Plaintiff Connie

Mayhew ("Mrs. Mayhew"), on or about December 23, 2003.  (SunTrust

Mortgage, Inc.'s Memorandum of Law in Support of Its Motion to Dismiss

("SunTrust Mortgage's Mem."), Dkt. [17-1] at 4.)  Brown applied for a

residential mortgage loan on the Property (Compl., Dkt. [1] ¶ 9), and on June

27, 2006, Brown executed a promissory note ("Note") in favor of SunTrust

Mortgage and a security deed ("Security Deed") in favor of Mortgage

---

[1] Cooper v. Pate, 378 U.S. 546, 546 (1964).

[2] Where necessary for a more complete statement of the events giving rise to
Plaintiffs' claims, the Court includes some facts from Defendants' briefs that Plaintiffs
do not appear to dispute.

Electronic Registration Systems, Inc. ("MERS"), as nominee for SunTrust

Mortgage and its successors and assigns. (SunTrust Mortgage's Mem., Dkt.

[17-1] at 6 (citing Compl., Dkt. [1] ¶ 9).)

On November 3, 2011, MERS assigned "the Security Deed, and the

underlying indebtedness secured by the Note and the Security Deed" to

SunTrust Mortgage. (Id. at 8.) According to SunTrust Mortgage, "Brown

subsequently defaulted on the debt[,] . . . [and] SunTrust Mortgage accelerated

the debt and retained the law firm of Johnson & Freedman, LLC to institute

non-judicial foreclosure proceedings." (Id.) The foreclosure sale was to occur

on July 2, 2012 (Compl., Dkt. [1] ¶ 10), but Defendant SunTrust Mortgage

states that, "as of [July 13, 2012], no foreclosure ha[d] occurred" (SunTrust

Mortgage's Mem., Dkt. [17-1] at 9). It is unclear from the record whether the

foreclosure sale has taken place as of the date of this Order.

Plaintiffs claim that the development and sale of Lot 12 was shrouded in

fraud. Plaintiffs allege that the Subdivision was developed by Defendant Ivey

Shaw, LLC ("Ivey Shaw") and approved by the County Commissioners on July

24, 2000. (Am. Compl., Dkt. [4] ¶¶ 19, 35.) Plaintiffs allege that Ivey Shaw

falsified the engineering plans for the Subdivision, including septic system and

3

hydrology plans, and that the septic system was faulty.  (Id. ¶ 19.)  Plaintiffs

further state that Defendant Ivey Shaw induced them to purchase Lot 12

through false representations, including concealing a four-bedroom limitation

on the Property and representing that the Property would be connected to a

public sewer.  (Id. ¶¶ 16-19.)  Plaintiffs emphasize that, as a result of these

falsifications, the value of the Property is "far below" the value of the loan

currently on the Property (Compl., Dkt. [1] ¶ 33), and that the Property cannot

be marketed (id. ¶ 13).

Plaintiffs allege that Forsyth County[3] facilitated the falsification of the

Subdivision and septic system designs and that the County "knew [Ivey

Shaw's] promises to be false."  (Am. Compl., Dkt. [4] ¶¶ 16, 19, 37.)  Further,

Plaintiffs state that Forsyth County and the Environmental Health Department

("EHD") profited from participation in the fraud through increased tax revenue

and permit fees.  (Id. ¶ 40.)

_____

[3] While the Complaints make numerous allegations against Forsyth County or, alternately, the County, the Court notes that Plaintiffs have not named Forsyth County as a defendant.  Nonetheless, the Court sets out the allegations as they appear in the Complaints.

4

Plaintiffs allege that SunTrust Mortgage "hired and dictated the closing attorney" for the loan. (Compl., Dkt. [1] ¶ 13.) Plaintiffs further contend that SunTrust was aware of this type of fraudulent activity in Georgia, but failed to offer Plaintiffs insurance against this conduct. (Id.) Plaintiffs state that, although they notified SunTrust of the falsifications, SunTrust wanted "to harm Plaintiffs by foreclosure" (Am. Compl., Dkt. [4] ¶ 42) and "enjoy the profits of selling the property to another unsuspecting member of the public" (Compl., Dkt. [1] ¶ 13).

Moreover, Plaintiffs allege that, by foreclosing, SunTrust Mortgage will divest them of a "rightful equitable interest in the property." (Id. ¶ 38.) Further, Plaintiffs allege that SunTrust Mortgage "will make itself party to the racketeering scheme of fraud for profit that is exposed [in the Complaints]" and that "foreclosure is not in the best interest of Defendant SunTrust." (Id. ¶ 13, 38.) Finally, Plaintiffs allege that SunTrust Mortgage profited from this conduct by "making loans on properties that could never have been developed if the law had been followed." (Id. ¶ 38.)

On May 24, 2012, Plaintiffs filed this action in the Northern District of Georgia, Gainesville Division. The Complaint names only SunTrust Mortgage

AO 72A
(Rev.8/82)

as Defendant and seeks a declaratory judgment voiding the final plat for the Subdivision (Count I), as well as an injunction against foreclosure (Count II). (Id. ¶¶ 36, 39.)  On June 22, 2012, Plaintiffs filed their Amended Complaint, adding Ivey Shaw, the BOC, and the EHD as Defendants [4].  The Amended Complaint incorporates by reference the allegations and claims raised in the Complaint and also raises claims for civil RICO violations (Count III), intentional infliction of emotional distress (Count IV), negligence (Count V), and fraudulent inducement (Count VI).[4]  Plaintiffs seek actual, punitive, and exemplary damages.  (Am. Compl., Dkt. [4] ¶¶ 49, 53, 59, 64.)

On July 7, 2012, Plaintiffs filed an Emergency Motion for a Preliminary Injunction [13], and on July 11, 2012, they filed a Motion to Issue Subpoena [14].  The Court denied Plaintiffs' Motion for a Preliminary Injunction on July 17, 2012.  (Order, Dkt. [21] at 3.)  Plaintiffs' Motion to Issue Subpoena [14] is still before the Court.

---

[4] Defendants, in an abundance of caution, read the Complaints to allege violations of the Clean Water Act, 33 U.S.C. § 1365, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.  However, Plaintiffs do not appear to raise these claims as causes of action.  Thus, the Court will consider only those claims set out in the Complaints.

On July 13, 2012, SunTrust Mortgage moved to dismiss the Complaints under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim against it [17]. On July 16, 2012, the BOC moved to dismiss the Complaints under Rule 12(b)(6) and Rule 12(b)(5) for insufficient service of process [18]. On September 5, 2012, the EHD likewise moved to dismiss the Complaints under Rules 12(b)(5) and 12(b)(6) [31]. Plaintiffs have not responded to Defendants' respective motions. Therefore, the Court considers them as unopposed. See LR 7.1(B).

Finally, on September 19, 2012, Plaintiffs filed a Motion for the Clerk to enter Default as to Defendant Ivey Shaw. The Clerk entered Default on October 4, 2012. On October 9, 2012, Plaintiffs filed a Motion for Default Judgment against Ivey Shaw [38], which is now before the Court.

## Discussion

## I.  Legal Standard for a Motion to Dismiss

When considering a Rule 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most

7

favorable to the plaintiff. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (internal citations omitted); <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u>

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Twombly</u>, 550 U.S. at 561 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." <u>Id.</u> at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." <u>Id.</u>

AO 72A
(Rev.8/82)

Additionally, because Plaintiff is acting pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

## II.    Plaintiffs' Motion to Issue Subpoena [14]

Plaintiffs move the Court to issue subpoenas for "certain witnesses to appear and testify at a hearing for the Emergency Motion for Injunction, should the court so set a hearing." (Dkt. [14] ¶ 4.) However, as the Court denied Plaintiffs' Motion for a Preliminary Injunction (Order, Dkt. [21]), Plaintiffs' Motion to Issue Subpoena is now moot. Accordingly, the Motion is **DENIED**.

## III.   SunTrust Mortgage's Motion to Dismiss [17]

In the Complaints, Plaintiffs raise claims against SunTrust Mortgage for federal civil RICO (Count III), intentional infliction of emotional distress (Count IV), negligence (Count V), and fraudulent inducement (Count VI). Further, Plaintiffs seek a declaratory judgment (Count I) and injunctive relief (Count II). SunTrust Mortgage moves to dismiss the Complaints in their

9

entireties under Rule 12(b)(6), arguing that the Complaints are "devoid of specific facts" and therefore fail to state a claim upon which relief can be granted. (SunTrust Mortgage's Mem., Dkt. [17-1] at 2.) The Court first considers the substantive claims enumerated in Counts III-VI and then addresses Plaintiffs' requests for relief set out in Counts I and II.

### A. Civil RICO (Count III)

First, Plaintiffs claim that SunTrust Mortgage violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968. Plaintiffs allege that SunTrust "wants to foreclose and enjoy the profits of selling the property to another unsuspecting member of the public," that "foreclosure . . . will make SunTrust party to the criminal racketeering activities" of other Defendants, and that "SunTrust profited from this illegal activity . . . by making loans on properties which would have never been developed if the law had been followed." (Compl., Dkt. [1] ¶ 13, 38.) Further, Plaintiffs allege that SunTrust "wants to harm Plaintiffs by foreclosure." (Am. Compl., Dkt. [4] ¶ 42.) Defendant moves to dismiss the RICO Count on grounds that: (1) Plaintiffs fail to state a claim under Federal Rule of Civil Procedure 8(a), and (2) Plaintiffs fail to inform SunTrust Mortgage specifically of its alleged participation in the

10

scheme, as required by Federal Rule of Civil Procedure 9(b). (SunTrust

Mortgage's Mem., Dkt. [17-1] at 18, 20-22.)

"To prevail on a [federal] RICO claim, a plaintiff must prove three

essential elements: '(1) a violation of [18 U.S.C.] section 1962; (2) injury to

business or property; and (3) that the violation caused the injury.'" Fuller v.

Home Depot Servs., LLC, 512 F. Supp. 2d 1289, 1293 (N.D. Ga. 2007). Where

the RICO claim is premised on fraud, the Plaintiff must meet Rule 9(b)'s

heightened pleading standard. Ambrosia Coal & Const. Co. v. Pages Morales,

482 F.3d 1309 (11th Cir. 2007). Further, where a Plaintiff joins multiple

defendants, Rule 9(b) requires the Complaint to "inform each defendant of the

nature of his alleged participation in the fraud." Ambrosia Coal & Const. Co.,

482 F.3d at 1317 (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116

F.3d 1364, 1380-81 (11th Cir. 1997)) (internal quotation marks omitted).

The Court agrees that Plaintiffs do not adequately state a federal civil

RICO claim against SunTrust Mortgage. Plaintiffs join multiple Defendants in

their RICO claim and allege fraud as the predicate offense. Therefore, Rule

9(b) requires Plaintiffs to allege how each Defendant participated in the alleged

fraud. Plaintiffs have not set forth sufficient allegations here. The Complaints

do not allege how SunTrust participated in the racketeering scheme allegedly conducted by other Defendants. Accordingly, SunTrust Mortgage's Motion to Dismiss Count III (federal Civil RICO) is **GRANTED**.

      B.      <u>Intentional Infliction of Emotional Distress (Count IV)</u>

Second, Plaintiffs raise a claim against SunTrust Mortgage for intentional infliction of emotional distress, alleging that SunTrust's acts, as recited in the Complaints, "constitute and [*sic*] outrage." (Am. Compl., Dkt. [4] ¶ 51.) SunTrust Mortgage moves to dismiss this claim on grounds that Plaintiffs fail to state a claim upon which relief can be granted. (SunTrust Mortgage's Mem., Dkt. [17-1] at 15.)

The Court agrees that Plaintiffs fail to state a claim for intentional infliction of emotional distress. In Georgia, to establish a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) intentional or reckless conduct, (2) that is extreme and outrageous and (3) causes emotional distress (4) that is severe." <u>Collier v. Kroger Co.</u>, 683 S.E.2d 625, 626 (Ga. Ct. App. 2009). The Complaints fail to allege any facts pertaining to SunTrust Mortgage that would give rise to a claim for intentional infliction of emotional

12

distress.  Accordingly, SunTrust Mortgage's Motion to Dismiss Count IV (intentional infliction of emotional distress) is **GRANTED**.

C.     Negligence (Count V)

Third, Plaintiffs raise a claim against SunTrust Mortgage for negligence, alleging that "defendants had a duty to act in a fair and reasonable manner when dealing with Plaintiff with respect to all issues related to the subject property." (Am. Compl., Dkt. [4] ¶ 55.)  SunTrust Mortgage moves to dismiss this claim on grounds that: (1) Plaintiffs fail to state a claim upon which relief can be granted and (2) SunTrust does not owe a duty of care to Plaintiffs, such that Plaintiffs' negligence claim fails as a matter of law.  (SunTrust Mortgage's Mem., Dkt. [17-1] at 2, 20.)

In Georgia, to establish a claim for negligence, a plaintiff must show "(1) a duty . . . recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks; (2) a failure on [the defendant's] part to conform to the standard required; (3) a . . . causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of the other."  Marquis Towers, Inc. v. Highland Grp., 593 S.E.2d 903, 906 (Ga. Ct. App. 2004).

13

The Court agrees that Plaintiffs fail to state a claim against SunTrust Mortgage for negligence. The Complaints allege no facts indicating that SunTrust acted negligently toward Plaintiffs or that its conduct has caused Plaintiffs harm. To the extent Plaintiffs attempt to allege that SunTrust owes them a fiduciary duty, the law is settled in Georgia that "[c]reditors deal with debtors at arm's length, and do not stand in a fiduciary capacity in relationship to the debtor." <u>May v. Citizen & S. Nat'l Bank</u>, 413 S.E.2d 780, 782 (Ga. Ct. App. 1991). Accordingly, SunTrust Mortgage's Motion to Dismiss Count V (negligence) is **GRANTED**.

D.    Fraudulent Inducement (Count VI)

Fourth, SunTrust moves to dismiss Plaintiffs' claim for fraudulent inducement on grounds: (1) that Plaintiffs fail to state a claim under Rule 8(a) and (2) that Plaintiffs fail to plead fraud with particularity as required by Rule 9(b). Upon review of the Complaints, the Court notes that Plaintiffs do not appear to be raising this claim against Defendant SunTrust Mortgage. Indeed, the allegations contained in Count VI pertain only to other entities. (<u>See</u> Am. Compl., Dkt. [4] ¶¶ 60-64.) However, to the extent Plaintiffs do attempt to raise a claim against SunTrust Mortgage for fraudulent inducement, they have stated

14

no facts to satisfy Rule 8(a) or Rule 9(b).  Therefore, SunTrust Mortgage's

Motion to Dismiss Count VI (fraudulent inducement) is **GRANTED**.

    E.    <u>Declaratory Judgment (Count I) and Injunctive Relief (Count II)</u>

    Finally, Plaintiffs seek a declaratory judgment that "the final plat for

Ivyshaw Landing Subdivision is void" (Compl., Dkt. [1] ¶ 36) and an injunction

barring SunTrust Mortgage from foreclosing on the subject property (<u>id.</u> ¶¶ 40-

41).  SunTrust Mortgage moves to dismiss these counts on grounds that

Plaintiffs fail to state a claim against it and, alternately, that it has the authority

to foreclose.[5]  (SunTrust Mortgage's Mem., Dkt. [17-1] at 4, 17.)

    The Court first notes that these are requests for relief, and not affirmative

causes of action, as Plaintiffs label them.  The Court found in Parts III(A)-(D),

<u>supra</u>, that Plaintiffs fail to state a substantive claim against SunTrust Mortgage

upon which relief may be granted.  Further, as the Court found in its earlier

Order, "Plaintiffs do not allege that they are current on their loan payments, nor

do they allege that SunTrust does not have the authority to foreclose."  (Order,

Dkt. [21] at 3.)  Thus, because Plaintiffs fail to state a claim against SunTrust

---

[5] SunTrust notes that the Note and the Security Deed give it the authority to foreclose (<u>id.</u> at 10), and Plaintiffs "do not dispute that a debt is owed to SunTrust[,] . . . nor do they dispute that Mr. Brown has failed to make these payments" (<u>id.</u> at 16).

upon which relief may be granted and because SunTrust may rightfully

foreclose, SunTrust's Motion to Dismiss Counts I and II (declaratory and

injunctive relief) is **GRANTED**.

In sum, the Complaints fail to state a claim against Defendant SunTrust

Mortgage. Accordingly, SunTrust's Motion to Dismiss [17] is **GRANTED**

with regard to all Counts.

## IV.    The BOC's Motion to Dismiss [18]

Defendant BOC moves to dismiss the Complaints on several grounds.

First, the BOC argues that it is not subject to suit. (Brief in Support of

Defendant Forsyth County Board of Commissioners' Motion to Dismiss

("BOC's Br."), Dkt. [18-1] at 7.) Second, the BOC contends that Plaintiffs

have failed to properly serve the BOC pursuant to Federal Rule of Civil

Procedure 4. (Id. at 8.) Third, the BOC argues that the Court lacks subject

matter jurisdiction over the case because Plaintiffs fail to state a claim invoking

a federal question. (Id. at 9.) Fourth, the BOC contends that it is immune from

suits based on state law claims of negligence, fraud, and intentional infliction of

emotional distress. (Id. at 22.) Finally, the BOC argues that Plaintiffs have

AO 72A
(Rev.8/82)

failed to allege a dispute sufficient to support a declaratory judgment. (Id. at 24.)

First, the BOC moves to dismiss on grounds that Plaintiffs fail to name Forsyth County as a defendant and that a county Board of Commissioners cannot be sued separately. The "capacity to sue or be sued is determined . . . by the law of the state where the court is located." Fed. R. Civ. P. 17(b). In Georgia, actions against a county must name the county as a defendant. Comm'rs of Rds. & Revenue of Houston Cnty. v. Howard, 1 S.E.2d 222 (Ga. Ct. App. 1939). Further, the Eleventh Circuit has stated that a County Board of Commissioners "is simply the County's governing body and therefore cannot be sued separately." Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1302 n.3 (11th Cir. 1992). Plaintiffs failed to name Forsyth County as a defendant in this action. The BOC cannot be sued separately under Georgia law and therefore it is not a proper defendant to this action. Accordingly, the BOC's Motion to Dismiss is **GRANTED**.[6]

---

[6] In light of the Court's finding that the BOC is not a proper Defendant in this suit, the Court will not consider the BOC's alternative grounds for dismissal.

## V.     The EHD's Motion to Dismiss [31]

The EHD moves to dismiss the Complaints on several grounds [31]. First, the EHD contends that Plaintiffs failed to properly serve it pursuant to Rule 4. (Brief in Support of Forsyth County Environmental Health Department's Motion to Dismiss ("EHD's Br."), Dkt. [31-1] at 5.) Second, the EHD argues that Plaintiffs' claims against it are all barred by the relevant statutes of limitations. (Id. at 6.) Third, the EHD invokes Eleventh Amendment immunity from suit. (Id.) Fourth, the EHD contends that Plaintiffs fail to state a claim under federal law upon which relief may be granted. (Id. at 8.) Fifth, the EHD argues that the Georgia Tort Claims Act bars Plaintiffs' state law claims, noting that Plaintiffs have failed to give ante-litem notice and properly serve the EHD under the Act. (Id. at 11-12.) EHD further argues that O.C.G.A. § 50-21-24(8) & (9) bar Plaintiffs' claims against it because Plaintiffs' allegations "pertain to [its] inspection and licensing powers or functions"–for which the statute grants the EHD immunity from suit. (Id. at 13.) Finally, the EHD argues that Plaintiffs fail to state a claim under state law upon which relief may be granted. (Id. at 14.)

18

First, the EHD argues that Plaintiffs failed to effect proper service.  (Id. at 5.)  Specifically, it contends that service by certified mail is improper because the EHD has not executed a waiver of personal service.  (Id.)  The Federal Rules do not authorize service by certified mail, unless Defendant has waived service of process.  Fed. R. Civ. P. 4(j)(2); see also Madden v. Cleland, 105 F.R.D. 520 (N.D. Ga. 1985) (holding that service of summons and complaint by certified mail is not permissible method of service if defendants have not waived personal service).

Plaintiffs could also have effected service by complying with the laws of Georgia, see Fed. R. Civ. P. 4(j)(2)(B), but, like the Federal Rules, Georgia requires personal service unless Defendant executes a waiver of personal service.  See O.C.G.A. § 9-11-4; Madden, 105 F.R.E. at 523 ("Georgia law has no provision for service by mail.").  Thus, service upon the EHD by certified mail did not comply with the Federal Rules or the rules of the State of Georgia. Moreover, the period in which Plaintiffs could have perfected service expired on October 20, 2012, and Plaintiffs have not shown good cause for failing to

AO 72A
(Rev.8/82)

effect service in a proper manner.  <u>See</u> Fed. R. Civ. P. 4(m).  Accordingly, the

EHD's Motion to Dismiss the Complaints is **GRANTED**.[7]

## VI.    Plaintiffs' Motion for Default Judgment [38]

As a final matter, Plaintiffs move the Court to enter a Default Judgment

against Defendant Ivey Shaw [38].  In their Motion, Plaintiffs allege that Ivey

Shaw was served with the Summons and the Complaint on June 26, 2012 and

that Ivey Shaw did not file an answer within the time accorded by law.

(Affidavit in Support of Motion for Entry of Default ("Pls.' Aff."), Dkt. [38-1]

at 1.)

In its response brief, Ivey Shaw contends that service has not been

properly effected on it.  (Defendant Ivey Shaw, LLC's Response Brief ("Def.'s

Resp."), Dkt. [37] at 1.)  Ivey Shaw states that Plaintiffs attempted to serve it

via mail (<u>id.</u> at 2 (citing Dkt. [9])), and argues that service by mail is insufficient

because Ivey Shaw has not executed a waiver of personal service (<u>id.</u> at 2-3).

The Certificate of Service [9] indicates that attempted service upon Ivey Shaw

was effected by U.S. Mail.  As discussed in Part V, <u>supra</u>, service of the

_____

[7] In light of the Court's finding that the EHD has not been properly served in
this action, the Court will not consider the EHD's alternative grounds for dismissal.

Summons and Complaint by mail does not satisfy either the Federal Rules or Georgia law.

Based on the foregoing, the Court concludes that Defendant Ivey Shaw has not been properly served in this action. Accordingly, Plaintiffs' Motion for Default Judgment [38] is hereby **DENIED**. Moreover, the period in which Plaintiffs could have perfected service expired on October 20, 2012. <u>See</u> Fed. R. Civ. P. 4(m). Plaintiffs are **ORDERED** to show cause, if any they can, within 14 days of the entry of this Order, why the claims against Ivey Shaw should not be dismissed due to their failure to effect service within the time required by Federal Rule of Civil Procedure 4(m).

### Conclusion

In accordance with the foregoing, the Court finds the following: Plaintiffs' Motion to Issue Subpoena [14] is **DENIED** as moot; Defendant SunTrust Mortgage's Motion to Dismiss [17] is **GRANTED**; Defendant BOC's Motion to Dismiss [18] is **GRANTED**; Defendant EHD's Motion to Dismiss [31] is **GRANTED**; and Plaintiffs' Motion for Default Judgment against Ivey Shaw [38] is **DENIED**. Plaintiffs are **ORDERED** to show cause, if any they can, within 14 days of the entry of this Order, why the claims against Ivey Shaw

21

should not be dismissed due to their failure to effect service within the time required by Federal Rule of Civil Procedure 4(m).

**SO ORDERED**, this  18th  day of December, 2012.

RICHARD W. STORY
United States District Judge

AO 72A
(Rev.8/82)